UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHIRECE C.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 25-11554<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER TO SHOW CAUSE**

Plaintiff Chirece C. appeals a partially favorable decision of Defendant Commissioner of Social Security ruling on her application for disability insurance benefits and supplemental security income under the Social Security Act. Both parties consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c) and move for summary judgment. ECF No. 7; ECF No. 10; ECF No. 15.

While reviewing plaintiff’s motion and briefing, the Court identified two citations in her brief supporting her motion for summary judgment or remand, ECF No. 10, that suggests plaintiff’s counsel, Erin Rich, utilized generative artificial intelligence (AI) in preparing plaintiff’s brief.

First, Rich cited "*Henderson v. Comm'r of Soc. Sec.*, 2021 WL 1037723, at *6 (E.D. Mich. Mar. 17, 2021)" in support of the position that "Courts have repeatedly recognized that an inability to appropriately interact with supervisors can be dispositive of disability." ECF No. 10, PageID.3642. But that citation is for an opinion and order denying a criminal defendant's motion for compassionate release. *See United States v. Williams*, No. 17-20179, 2021 WL 1037723 (E.D. Mich. Mar. 18, 2021). And the Court was unable to locate a social security case in this district titled *Henderson v. Commissioner of Social Security* decided in March 2021.

Second, Rich cited "*Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 835 (6th Cir. 2016)" to support the position that "The Sixth Circuit has recognized that [persisting psychiatric conditions despite treatment and fluctuating depression scores] evidence satisfies Listing 12.04." ECF No. 10, PageID.3645. But *Miller* makes no reference to Listing 12.04, nor are the facts of that case analogous to this case.

Those two factitious citations raise a suspicion that Rich used AI to draft the brief without verifying the accuracy of the citations.

Courts may sanction for the misuse of AI under Federal Rule of Civil Procedure 11 and their inherent authority. *Whiting v. City of Athens*, 170

F.4th 455, 463 (6th Cir. 2026); *Hardy v. Whittaker*, 351 F.R.D. 81, 96, 100 (E.D. Mich. 2026). Misuse of AI in court filings is not a minor offense. "Citing even a single fake case can be sanctionable because no brief, pleading, motion, or any other paper filed in any court should contain *any* citations—whether provided by generative AI or any other source—that a lawyer has not personally read and verified." *Whiting*, 170 F.4th at 461 (emphasis in original) (cleaned up). And "citing fake cases can harm the reputation of judges and courts whose names are falsely invoked as author of the bogus opinions and the reputation of a party attributed with fictional conduct." *Id.* at 461-62 (cleaned up).

The Court thus **ORDERS** Rich to show cause in writing by September 17, 2026, why she should not be sanctioned, including with a fine, for using factitious citations in plaintiff's brief.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 3, 2026

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 3, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager