UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHIRECE C.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 25-11554<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER FINING PLAINTIFF'S COUNSEL FOR MISUSE OF ARTIFICIAL INTELLIGENCE**

## I. Introduction and Background

Plaintiff Chirece C. appealed a partially favorable decision of Defendant Commissioner of Social Security ruling on her application for disability insurance benefits and supplemental security income under the Social Security Act. Both parties consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c) and moved for summary judgment. ECF No. 7; ECF No. 10; ECF No. 15.

While reviewing plaintiff's motion and briefing, the Court identified two citations in her summary judgment brief that suggested plaintiff's counsel, Erin Rich, utilized generative artificial intelligence (AI) in preparing plaintiff's

brief. ECF No. 10. The Court thus ordered Rich to show cause as to why she should not be sanctioned, including with the imposition of a fine, for including factitious citations in plaintiff's brief. ECF No. 16. Rich responded to the show cause order and admitted to using AI in preparing plaintiff's brief. ECF No. 19, PageID.3747. She also concedes that she submitted plaintiff's brief without verifying the factitious citations identified in the show cause order. *Id.*

For the reasons below, the Court fines Ms. Rich $500.00 for her misuse of AI in this case.

## II. Analysis

### A.

Modern litigation has been unended by the exploding use of generative AI. Damien Charlotin, a legal analyst, has tracked almost 1500 legal decisions about AI-generated hallucinated content in the United States.[1] The hallucinated content is "typically fake citations, but also other types of AI-generated arguments." *Id.*; *see also Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025) ("It is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI,

[1] *AI Hallucination Cases*, https://www.damiencharlotin.com/hallucinations/?q=&sort_by=-date&states=USA&period_idx=0&page=2 (last visited on Sept. 23, 2026).

courts have seen a rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs."). "Attorneys who rely on [AI] to supplement their research do so in light of the well-known risks inherent in using those tools." *Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, No. 23-11310, 2025 WL 2105286, at *1 (E.D. Mich. July 28, 2025) (cleaned up) (quoting *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025)).

The explosive misuse of AI in court filings is serious matter that must be met with weighty consequences. The Sixth Circuit recently emphasized that "even a single fake case can be sanctionable because no brief, pleading, motion, or any other paper filed in any court should contain *any* citations—whether provided by generative AI or any other source—that a lawyer has not personally read and verified." *Whiting v. City of Athens*, 170 F.4th 455, 461 (6th Cir. 2026) (emphasis in original) (cleaned up). "Moreover, citing fake cases can harm the reputation of judges and courts whose names are falsely invoked as author of the bogus opinions and the reputation of a party attributed with fictional conduct." *Id.* (cleaned up). Thus, to try to staunch the rampant misuse of AI, courts have aggressively penalized counsel. *See, e.g.*, *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 497 (D. Wyo. 2025) (collecting cases to show that fines ranging

between $1,000 to $5,000 have been imposed against attorneys for the misuse of AI).

"The inherent power sanctions available to courts include fines, awards of attorneys' fees and expenses, contempt citations, disqualifications or suspensions of counsel, and drawing adverse evidentiary inferences or precluding the admission of evidence." *Id.* (cleaned up).

**B.**

Although Rich admits to the misuse of AI in this case, she argues that she should not be sanctioned in light of the Honorable Patricia T. Morris's July 13, 2026, Rule 11 sanctions order against Ms. Rich and her firm in *Farley v. Comm'r of Soc. Sec.*, No. 26-10137 (E.D. Mich.). Judge Morris sanctioned Rich for making numerous factual misrepresentations in briefs. *Farley*, ECF No. 17, PageID.2691-2693. Like here, Rich accepted responsibility for the factual misrepresentations and withdrew them.[2] *Id.*, PageID.2693.

[2] Rich also indicated to Judge Morris that her firm "occasionally uses AI to summarize voluminous medical records." *Farley*, ECF No. 17, PageID.2693 n.1. This is concerning. *See* ABA Model Rules of Pro. Conduct Rule 1.6 (confidentiality of client information); Mich. Rules of Pro. Conduct Rule 1.6 (same); *see also Use of AI in Social Security practice*, Soc. Sec. Disability Claims Handbook § 4:17 (Aug. 2026 ed.) ("Uploading

Judge Morris imposed no monetary sanctions against Rich. Rather, she ordered Rich to complete four continuing legal education courses centered on social security litigation in federal court and the ethical challenges that arise from such litigation. *Id.*, PageID.2695-2696. Judge Morris also ordered Rich and her firm to "review any pending motions in the Eastern District of Michigan for similar issues." *Id.*, PageID.2696. She instructed that motions to amend "should be filed if any similar misconduct is identified." *Id.*

Rich states that the Court identified the factitious citations in this matter before she and her firm reached this case in their caseload audit following Judge Morris's July 13 order. ECF No. 19, PageID.3749. But the factitious citations remained uncorrected here for almost two more months, when the Court discovered them on September 3, 2026. ECF No. 16.

And the number of Rich's filings that continue to include fake AI generated information remains unknown to this Court. But in another case before this Court, *Host v. Comm'r of Soc. Sec.*, No. 25-13451, Rich cited "*Williams v. Comm'r of Soc. Sec.*, 2014 WL 1406435, at *8 (E.D. Mich. Apr.

---

medical records for review and summary, problematic. To do so, requires the provision of unredacted client records containing their most sensitive health information to a service that openly concedes it may use that data for training.").

11, 2014)" as stating that "[t]he Sixth Circuit has recognized that when a claimant's medically necessary need to elevate the legs prevents sustained sitting or standing, competitive sedentary employment is precluded." *Host*, ECF No. 9, PageID.1034. But *Williams* does not exist; that citation instead relates to *Widi v. McNeil* from the District of Maine and did not involve an application for social security. Rich also cited "*Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002)" as stating that "an ALJ must evaluate whether a claimant can sustain work activity on a 'regular and continuing basis.'" *Host*, ECF No. 9, PageID.1034. While *Howard* is a real case, the opinion does not state the rule Rich identified in the plaintiff's brief. *Howard*, 276 F.3d at 239. And Rich cited "*Wages v. Sec'y of Health & Hum. Servs.*, 755 F.2d 495, 498 (6th Cir. 1985)" for the same proposition as the fictious *Williams* citation. *Host*, ECF No. 9, PageID.1034. *Wages* exists, but the opinion never mentions leg elevation. *Wages*, 276 F.2d at 495-99.

Rich has an obligation to ensure that *every filing* she submits to the Court complies with Federal Rule of Civil Procedure 11(b) *before filing*. *Henry v. City of Eastpointe Police Dep't*, No. 11-10192, 2013 WL 1395847, at *11 (E.D. Mich. Apr. 5, 2013). Rich's firm has new internal policies in place to prevent future misrepresentations resulting from the lackadaisical

use of AI. But that new policy does not obviate her responsibility to swiftly correct existing filings that include AI generated false information.

## III. Conclusion

The Court **ORDERS** Ms. Rich to pay a fine of **$500.00 payable to the Clerk of the Court** by **October 16, 2026**. She and Disability Law Group are **WARNED** that more significant sanctions will be imposed if briefs with fake citations, factual misrepresentations, or misleading holdings remain uncorrected after **October 16, 2026**.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 24, 2026